**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MOHAMED BARRIE,

            Applicant,

      v.                                                    No. CV 11-795 MCA/CG

ERIC HOLDER, et al.,

            Respondents.

**ORDER GRANTING APPOINTMENT OF COUNSEL**

      **THIS MATTER** comes before the Court on Petitioner Mohamed Barrie's *Motion to Appoint Counsel*, (Doc. 3). Upon a review of the motion, the Court finds that counsel should be appointed in the interest of justice. *See* 18 U.S.C. § 3006A(a)(2)(B).

      Petitioner is a native of Sierra Leone but has resided in the United States since 1992. (Doc. 1 at 4). Petitioner filed for asylum in 1993 but his application was denied and the United States instituted removal proceedings against him. (Doc. 8 at 1-2). An Immigration Judge ordered Petitioner removed from the United States and both the Board of Immigration Appeals and Second Circuit Court of Appeals denied his appeals from that decision. (*Id.* at 2). Petitioner lived in New York City during the pendency of his immigration proceedings and he was not taken into the custody of U.S. Immigration and Customs Enforcement ("ICE") until May 17, 2011. (*Id.*).

      Petitioner argues that his detention is in violation of *Zadvydas v. United States*, 553 U.S. 678 (2001). (Doc. 1 at 6). In *Zadvydas*, the Supreme Court held that detention of an alien for more than six months following the entry of a final order of deportation is presumptively unreasonable. *Zadvydas*, 553 U.S. at 702. Respondent asserts that,

because Petitioner did not enter ICE custody until May 17, 2011, the six month period under *Zadvydas* runs until November 17, 2011, and that the petition is therefore premature. (Doc. 8 at 2). Respondent does not state whether Mr. Barrie is likely to be deported to Sierra Leone prior to the expiration of the *Zadvydas* time period or in the near future.

A court may appoint counsel in habeas matters, including under 28 U.S.C. § 2241, if the interests of justice so require. *Snyder v. Ortiz*, 236 Fed. Appx. 465, 467 (10th Cir. 2007) (unpublished opinion) (citing 18 U.S.C. §3006A(a)(2)(b)). The Court recognizes that generally speaking, there is no constitutional right to counsel beyond the direct appeal of a criminal conviction. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). However, appointment of counsel in habeas proceedings is left to the court's discretion. *Pride v. Herrera*, 28 Fed. Appx. 891, 895 (10th Cir. 2001); *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Because the *Zadvydas* period is set to expire shortly and there is no indication from Respondent that Petitioner's deportation is reasonably foreseeable, the Court determines that the interests of justice warrant the appointment of counsel in this case.

**IT IS HEREBY ORDERED** that the Federal Public Defender be appointed to represent Petitioner; and

**IT IS FURTHER ORDERED** that Petitioner's counsel shall have thirty days from the date of appointment to file a reply to Respondent *United States' Response to Petition for A Writ of Habeas Corpus*, (Doc. 8).

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE